# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JERMEL ROBERTSON,**

        **Petitioner,**

v.                                         **Case No. 25-CV-946**

**UNITED STATES OF AMERICA,**

        **Respondent.**

## RECOMMENDATION AND ORDER

Jermel Robertson, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 1.) Robertson also filed a brief in support of his motion (ECF No. 2) and several exhibits (ECF Nos. 1-1–1-4; 2-1).

Congress enacted the federal compassionate release statute for federal criminal convictions. *See* 18 U.S.C. § 3582(c)(1)(A). Because Robertson identifies only state convictions (ECF No. 2-1 at 7), he must seek relief in state court. Federal habeas relief is only available to a state prisoner if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Furthermore, state prisoners must first exhaust their claims in state court. 28 U.S.C. § 2254(b)(1), (c). Exhaustion of state

remedies means that, before coming to federal court with a habeas claim, a state prisoner must assert his claim(s) "throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014).

Ultimately, Robertson's motion is mismatched between his state court conviction and request for relief in federal court. He has not presented his request for relief to the state court, nor has he identified any cognizable constitutional or federal law claims for which he is entitled to relief in the federal district court. Typically, the court would wait to rule on this matter until the petitioner has paid the $5 filing fee or requested to proceed *in forma pauperis*, but there is no reason to wait for either in a case so obviously opened in error.

**IT IS THEREFORE RECOMMENDED** that Robertson's petition and this action be **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2), any written objections to any recommendation herein or part thereof shall be filed within fourteen days of service of this recommendation. Failure to timely object waives a party's right to review.

Dated at Milwaukee, Wisconsin this 8th day of July, 2025.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge